UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| LEESHAWN HOWARD, | ) | |
|---|---|---|
| Petitioner, | ) ) ) | |
| v. | ) ) | Nos.: 3:21-CV-241-TAV-HBG 3:18-CR-29-TAV-HBG-1 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM OPINION

This action is before the Court on petitioner's pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 1].[1] The government filed a response [Doc. 3], and petitioner filed a reply [Doc. 4]. This motion is now ripe for resolution. Based on the record before the Court, it appears petitioner is not entitled to relief; therefore, it is not necessary to hold an evidentiary hearing.[2] Accordingly, petitioner's motion [Doc. 1] will be **DENIED**.

**I. Background**[3]

On January 15, 2018, a Tennessee Highway Patrol officer ("Trooper Connors") conducted a traffic stop of petitioner and codefendant Jonathan Macias when he observed

---

[1] Citations in this opinion refer to petitioner's civil case unless otherwise noted. *But see infra* note 3.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). Petitioners possess the ultimate burden to sustain their claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citations omitted). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

[3] Citations in this Part refer to petitioner's criminal case unless otherwise noted.

their vehicle failing to stay within a single lane and following another vehicle too closely [Doc. 35 p. 19; No. 3:18-CR-29-TAV-HBG-2 Doc. 114 pp. 44–45]. After stopping the vehicle, Trooper Connors approached the driver's side and requested petitioner's identification as petitioner was driving and Macias was in the front passenger seat [No. 3:18-CR-29-TAV-HBG-2 Doc. 114 pp. 47, 51]. When petitioner opened the glove compartment to retrieve his identification, Trooper Connors observed a firearm, and petitioner claimed ownership of it [*Id.* at 47].

Trooper Connors requested petitioner to accompany Trooper Connors to the exterior passenger's side of his police cruiser where Trooper Connors checked petitioner's identification [*Id.* at 50]. While there, Trooper Connors questioned petitioner about his and Macias's travel itinerary, and petitioner indicated he and Macias had traveled from North Carolina the previous day to visit women in Tennessee, but the women never showed up, so he and Macias were returning to North Carolina [*Id.* at 130–31, 135]. However, petitioner claimed he could not remember the name of the hotel at which he and Macias stayed [*Id.* at 137]. Trooper Connors returned to the vehicle to check the glove compartment for petitioner's insurance, and while doing so, Trooper Connors asked Macias about the pair's travel itinerary [*Id.* at 51, 176; *see* Doc. 35 p. 20]. Contrary to petitioner's account, Macias informed Trooper Connors he and petitioner had in fact met and "partied all night" with girls in Tennessee the previous day [No. 3:18-CR-29-TAV-HBG-2 Doc. 114 pp. 135–36].

2

Trooper Connors then returned to petitioner, and petitioner provided consent for Connors to search the vehicle; meanwhile, other officers arrived at the scene [*Id.* at 54–55]. The officers placed petitioner and Macias in the back of Trooper Woods's cruiser while conducting the search [*Id.* at 54]. K9 Officer Trooper Rabun deployed his drug detection dog, and the dog alerted that narcotics were in the vehicle [*Id.* at 56–57]. Resultingly, the officers searched more closely and located packages of methamphetamine under both the driver's and passenger's seats [*Id.* at 57–63]. Meanwhile, in the back of Woods's cruiser, Macias secretively gave petitioner all the cash he had [*Id.* at 72–74].

Finally, the officers returned to petitioner and Macias, read *Miranda* warnings, and asked questions about the contraband [*Id.* at 63]. In response, Macias indicated he owned all methamphetamine and "guns" in the vehicle [*Id.* at 63–64]. Because the officers had only recovered one firearm, Macias's indication that there were multiple "guns" led Trooper Connors to search the vehicle again, and he found another firearm [*Id.* at 64–65].

Petitioner and Macias jointly moved to suppress the evidence obtained, arguing that Trooper Connors: (1) lacked probable cause to initiate the stop; (2) unlawfully exceeded the scope of the stop; and (3) unlawfully questioned petitioner and Macias before they received *Miranda* warnings [*See generally* Doc. 35]. On report and recommendation, United States Magistrate Judge Bruce Guyton recommended that the Court deny petitioner and Macias's motion [*Id.*]. First, Judge Guyton found probable cause supported the stop because Trooper Connors observed petitioner fail to remain in a single traffic lane and follow a tractor-trailer too closely such that petitioner had to brake [*Id.* at 24–27]. Second,

3

Judge Guyton found Trooper Connors did not exceed the scope of the traffic stop because Trooper Connors was acting for the purposes of the traffic stop when he discovered the first firearm, evasive behavior, and petitioner and Macias's conflicting stories [*Id.* at 30–31]. These facts and others gave Trooper Connors requisite suspicion to believe narcotics were in the vehicle, and Trooper Connors efficiently and without delay obtained petitioner's consent to search the vehicle and performed the search [*Id.* at 31–35]. Finally, Judge Guyton found Trooper Connors did not unlawfully question petitioner and Macias because the questioning environment was uncoercive [*Id.* at 38]. Over objections, this Court accepted Judge Guyton's findings and denied the motion to suppress [Doc. 41].

At trial, a jury convicted petitioner as to: (1) conspiracy to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) (Count One); and (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Two) [Doc. 55]. The Court sentenced petitioner to an aggregate term of 188 months of imprisonment [Doc. 84]. On appeal, appellate counsel renewed the suppression arguments, and the Sixth Circuit affirmed [Doc. 120]. Now before the Court is petitioner's § 2255 motion [No. 3:21-CV-241-TAV-HBG Doc. 1].

## II. Legal Standard

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment

4

vulnerable to collateral attack[] . . . ." 28 U.S.C. § 2255(b). To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

The petitioner has the burden to prove he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). The petitioner "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Particularly, the petitioner must demonstrate a "'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (citation omitted). The Court notes that petitioner is acting pro se. "It is . . . well-settled that '[t]he allegations of a pro se habeas petition . . . are entitled to a liberal construction . . . .'" *Porter v. Genovese*, 676 F. App'x 428, 440 (6th Cir. 2017) (alteration in original). Therefore, the Court will liberally construe petitioner's motion.

Petitioner's motion presents an argument that counsel was ineffective, and this claim is cognizable under § 2255. *See Massaro v. United States*, 538 U.S. 500, 508–09 (2003). A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the petitioner must identify specific acts or omissions to prove that counsel's performance was deficient

5

Case 3:21-cv-00241-TAV   Document 5   Filed 01/14/22   Page 5 of 13   PageID #: 79

as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003) (citations omitted); *see also Strickland*, 466 U.S. at 689 (providing that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Second, a petitioner must establish "a reasonable probability that, but for counsel's [deficient acts or omissions], the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). Because a petitioner "must satisfy *both* prongs [of *Strickland*], the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc) (citation omitted).

As discussed below, petitioner challenges a decision of appellate counsel. Appellate Counsel need not "raise every non-frivolous issue" requested by an appellant. *Caver v. Straub*, 349 F.3d 340, 348 (6th Cir. 2003). Rather, to establish deficient performance as to appellate counsel for failing to raise a particular argument, "the petitioner must demonstrate that the issue not presented 'was clearly stronger than issues that counsel did present.'" *Id.* (quoting *Smith v. Robbins*, 528 U.S. 259, 285, 288 (2002)); *see Webb v. Mitchell*, 586 F.3d

6

383, 399 (6th Cir. 2009). And to demonstrate prejudice, the petitioner must demonstrate that "there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *Valentine v. United States*, 488 F.3d 325, 338 (6th Cir. 2007) (citation omitted).

### III. Analysis

Petitioner argues appellate counsel—who also served as trial counsel—was ineffective for failing to raise a sufficiency of the evidence challenge on appeal [Doc. 1 p. 4]. Specifically, petitioner avers counsel should have argued insufficient evidence supported that he agreed to enter a drug conspiracy because the evidence only proved that he was present in a vehicle with contraband [*Id.* at 16–21]. Petitioner also faults counsel for instead renewing the arguments presented in his suppression motion [*Id.* at 14–16].

The government responds that counsel's performance was not deficient because counsel reasonably and strategically selected to renew the Fourth Amendment arguments rather than raise a sufficiency claim [Doc. 3 pp. 3–4]. Petitioner replies counsel's performance was deficient because the Fourth Amendment arguments were clearly frivolous as the Court had already rejected the same arguments in Macias's motion for a new trial [Doc. 4 p. 2]. Petitioner further argues prejudice exists because the evidence did not support a conspiracy conviction because: (1) Macias took responsibility for all contraband; (2) while Macias gave petitioner money in the back of Woods's cruiser, this does not demonstrate an agreement; and (3) while methamphetamine was under

7

petitioner's driver's seat, Macias could have placed it there [*Id.* at 2–4]. Petitioner discusses *United States v. Tavera*, 719 F.3d 705 (6th Cir. 2013) in support [*Id.* at 4–6].

The Court finds petitioner is not entitled to § 2255 relief. First, petitioner has not demonstrated deficient performance. Petitioner's own exhibit, a letter from appellate counsel, reflects that counsel reasonably decided not to raise a sufficiency challenge. The letter states:

> With just a story of two guys traveling together across state lines, with guns and a couple of pounds of a drug normally bought for consumption in gram weights there was plenty of evidence [to support conviction]. . . . [With additional testimony], maybe we had a shot [to raise a sufficiency claim]. Even [with that evidence, though] sufficiency of the evidence in this case would have been hard.

[Doc. 1 p. 35]. Counsel further stated his belief that the record better supported the Fourth Amendment arguments [*Id.* at 34]. These statements demonstrate counsel thoughtfully considered available appellate arguments and reasonably determined the Fourth Amendment arguments were the most optimal. Thus, counsel's performance was not deficient; after all, "the process of '"winnowing out weaker arguments on appeal and focusing on" those more likely to prevail . . . is the hallmark of effective appellate advocacy.'" *Caver v. Straub*, 349 F.3d 340, 348 (6th Cir. 2003).

The Court further disagrees with petitioner's assertion that precedent did not support making the Fourth Amendment arguments [*See* Doc. 1 pp. 14–16]. Questions regarding existence of probable cause, the scope of a seizure, and whether a defendant is "in custody"

8

under *Miranda* are fact-intensive inquires that oftentimes do not offer definitive answers. *See, e.g.*, *United States v. Puckett*, 422 F.3d 340, 342–43 (6th Cir. 2005). Given these considerations and that a sufficiency claim would likely have failed as discussed *infra*, petitioner has not demonstrated a sufficiency challenge was "clearly stronger" than the arguments presented. *See Caver*, 349 F.3d at 348. Thus, petitioner has not demonstrated deficient performance.

Moreover, petitioner has not demonstrated prejudice. To succeed on a sufficiency challenge, the appellant must demonstrate that "after viewing the evidence in the light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A drug conspiracy conviction requires as an element an agreement between the defendant and at least one other individual to commit a drug violation. *United States v. Hill*, 851 F. App'x 600, 602 (6th Cir. 2021). A "formal agreement" is not required; "a conspiracy may be inferred from circumstantial evidence . . . ." *United States v. Cordero*, 973 F.3d 603, 617 (6th Cir. 2020) (citation omitted).

The Court finds that trial evidence sufficiently demonstrates that petitioner agreed with Macias to distribute methamphetamine. Officers located firearms and pounds of methamphetamine in petitioner's vehicle, including under petitioner's seat. Moreover, petitioner and Macias provided conflicting accounts regarding their travel itinerary, and petitioner even claimed he could not remember where they had stayed the previous night.

9

Furthermore, Macias furtively furnished petitioner cash in Woods's patrol car. These facts sufficiently support that petitioner agreed with Macias to commit drug violations. *See also United States v. Macias*, 3:18-CR-29-TAV-HBG-2, 2019 WL 3255164, at *2 (E.D. Tenn. July 19, 2019) (finding these same facts supported an agreement in Macias's case).

Petitioner counters that Macias took responsibility for the contraband, and petitioner provides alternative, innocent explanations for the exchange of money and the location of methamphetamine under his seat. But a rational juror could discredit Macias's alleged ownership of the contraband, especially considering petitioner had previously claimed ownership of the firearm and the officers discovered methamphetamine under petitioner's seat. Moreover, a rational juror could discredit petitioner's self-serving alternative explanations for the money exchange and location of the methamphetamine.[4]

Finally, petitioner analogizes this case to *United States v. Tavera*, 719 F.3d 705 (6th Cir. 2013). In *Tavera*, law enforcement arrested the defendant and a codefendant who were traveling in a pickup truck. *Id.* at 708–09. After the arrest, officers discovered methamphetamine in the truck. *Id.* at 709. The defendant proceeded to trial; however, the government never disclosed the codefendant's exculpatory statements that the defendant was unaware of the methamphetamine in the truck and the larger methamphetamine conspiracy. *Id.* at 709–10. The defendant challenged his conviction on due process

---

[4] Indeed, the jurors heard alternate explanations yet necessarily disregarded them by convicting petitioner [*See* No. 3:18-CR-29-TAV-HBG-2 Doc. 114 pp. 139–40, 152].

10

grounds under *Brady v. Maryland*.[5]  *Id.* at 710.  The government argued there was no reasonable probability the undisclosed statements would have changed the result of the defendant's trial because the codefendant's withheld statements were not credible and other evidence supported conviction.  *Id.* at 714.

The Sixth Circuit held for the defendant, finding a reasonable probability that the jury would not have convicted the defendant had the jury heard the codefendant's statements.  *Id.* at 713.  The Sixth Circuit noted only one trial witness's testimony supported the intent element of the conspiracy charge, yet that witness "had serious credibility issues, given his established history as a drug dealer and his personal incentive to help the prosecution."  *Id.*  The Sixth Circuit discounted the government's arguments.  *Id.* at 714.

This Court finds *Tavera* distinguishable.  Most importantly, *Tavera* involved a *Brady* violation—not a sufficiency challenge.  As noted, the *Tavera* court emphasized that only a single, uncredible witness's testimony supported intent and that the jury might have given dispositive weight to the contrary, withheld testimony.  But unlike in a *Brady* case, the issue here is not whether additional evidence may have caused the jury to reach a different conclusion.  Rather, the issue is whether "*any* rational trier of fact" could find petitioner agreed to join the conspiracy, and as discussed, a rational trier of fact could make that finding.  *Jackson*, 443 U.S. at 319; *see also Tavera*, 719 F.3d at 713 (distinguishing between the *Brady* standard and the sufficiency standard).  It should also be noted that the

---

[5]  373 U.S. 83 (1963).

11

Sixth Circuit in *Tavera* recognized that the court may have reached a different result had the defendant presented a sufficiency challenge. *Tavera*, 719 F.3d at 713 ("[Uncredible] evidence is not necessarily insufficient evidence, but sufficiency is not the question that *Brady* requires us to address.").[6]

For these reasons, petitioner has not demonstrated that no rational juror could have found that petitioner agreed with Macias to distribute methamphetamine. Thus, petitioner has not demonstrated that a sufficiency challenge on appeal would have changed the result of the appeal. Consequently, the Court finds petitioner has not demonstrated prejudice.

Therefore, petitioner's motion [Doc. 1] will be **DENIED**.

## IV. Conclusion

For the foregoing reasons, petitioner is not entitled to relief under 28 U.S.C. § 2255, so his motion to vacate, set aside, or correct his sentence [Doc. 1] will be **DENIED**. Therefore, this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Moreover, because petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not dispute the above

---

[6] The Court notes petitioner's attempt to analogize this case to *United States v. Smith*, 20 F. App'x 258 (6th Cir. 2001). The Court finds *Smith* distinguishable. In *Smith*, the government only introduced evidence that the defendant was in a vehicle that contained drugs; it did not introduce any evidence of a conspiracy agreement. *Id.* at 265. Here, though, as discussed *supra*, the government provided sufficient evidence of an agreement.

12

conclusions, a certificate of appealability **SHALL NOT ISSUE**.  *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A separate order will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE